AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>T-MOBILE CELLULAR TELEPHONE NUMBER<br>(760) 907-8392 | )<br>)<br>) Case No. 25-mj-03803<br>)<br>)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the _____ District of New Jersey, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 952 and 960 | Importation of a Controlled Substance |
| 21 U.S.C. § 963 | Conspiracy to Import |

The application is based on these facts:
See Affidavit of HSI TFO Cynthia Gomez, which is hereby incorporated by reference and made part hereof.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
CYNTHIA S GOMEZ
Digitally signed by CYNTHIA S GOMEZ
Date: 2025.07.07 16:33:43 -07'00'

Cynthia Gomez, HSI TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone *(specify reliable electronic means)*.

Date: 07/09/2025

*Judge's signature*

City and state: San Diego, CA     Hon. Michael S. Berg, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Task Force Officer Cynthia Gomez, being duly sworn, hereby state as follows:

### INTRODUCTION

1. This affidavit is in support of an application by the United States of America for a search warrant for T-Mobile US, Inc. ("T-Mobile"), 4 Sylvan Way, Parsippany, NJ 07054, as described in Attachment A, to search the account associated with the following cellular telephone number:

**Phone #: (760) 907-8392**, believed to be used by Emanuel Mitchel GUTIERREZ ("Defendant" or "GUTIERREZ")

(the "**Subject Account**")

for cell-site geolocation data from **March 8, 2025, up to and including April 8, 2025**. There is probable cause that these records and information constitute evidence, fruits, and instrumentalities of crimes and violations of federal criminal offenses by Defendant, namely, importation of controlled substances, in violation of Title 21, United States Code, Sections 952, 960, and 963, as described in Attachment B. The requested date range above captures the approximately one-month period leading up to Defendant's arrest for importation of cocaine on April 8, 2025. This affidavit and application are sought under Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(a), which applies to providers of electronic communication services. As discussed below, T-Mobile provides electronic communication services in the form of cellular and wireless telephone service for the **Subject Account**.

### EXPERIENCE AND TRAINING

2. I am a "law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510 (7), who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I have been employed as a Customs and Border Protection Officer ("CBPO") with the Department of Homeland Security ("DHS"), Office of Field Operations ("OFO") since July of 2012. I am a Task Force Officer ("TFO") assigned to the Homeland

Security Investigations ("HSI") Costa Pacifico Money Laundering Task Force in Calexico, California, which focuses on contraband smuggling of the importation of controlled substances on the Southwest Border, as well as the illicit proceeds being smuggled into Mexico. I am cross-designated and have the authority to conduct Title 21 investigations and enforcement activities. I have been involved with investigations for Title 21 offenses where we work closely with other agencies, including the U.S. Drug Enforcement Administration and multiple state and local agencies.

3. As a federal law enforcement officer for over 12 years, I have received formal training, as well as extensive on-the-job training, relative to the investigation of narcotics trafficking, bulk cash smuggling, money laundering, firearms trafficking, and other techniques used for contraband smuggling both in and out of the United States of America. I have investigated illicit narcotics, controlled substances, money laundering, firearms trafficking, and other crimes that have resulted in arrests, indictments, and convictions. As a result of these investigations, I have become familiar with methods and techniques used by Transnational Criminal Organizations involved in the importation and distribution of controlled substances into and through the Southern District of California. Through my training, experience, and conversations with other law enforcement officers experienced in narcotics trafficking investigations, I have gained a working knowledge of the operational habits of narcotic traffickers, in particular those who attempt to import narcotics into the United States from Mexico at Ports of Entry.

4. Based upon my training, experience, and consultations with law enforcement officers experienced in contraband smuggling investigations, and all the facts and opinions set forth in this affidavit, I am aware that it is common practice for narcotics traffickers to work in concert utilizing cellular telephones. A common tactic utilized by narcotics traffickers is to smuggle controlled substances into the United States from Mexico by concealing the controlled substances in vehicles or on persons entering the United States at Ports of Entry. With respect to the importation of narcotics in this manner, I am aware that narcotics traffickers in Mexico frequently communicate with the individual responsible for

importing the concealed narcotics into the United States. These communications can occur before, during and after the narcotics are imported into the United States. For example, prior to the importation, narcotics traffickers frequently communicate with the transporter(s) regarding arrangements and preparation for the narcotics importation. When the importation is underway, narcotics traffickers frequently communicate with the transporter(s) to remotely monitor the progress of the narcotics, provide instructions and warn accomplices about law enforcement activity. When the narcotics have been imported into the United States, narcotic traffickers may communicate with the transporter(s) to provide further instructions regarding the delivery of the narcotics to a destination within the United States.

5. The facts and conclusions set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation; my review of documents and records related to this investigation; communications with others who have personal knowledge of the events, details, and circumstances described herein; and information gained through my training, experience, and communications with colleagues. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation. Dates, times, and amounts are approximate.

## FACTS SUPPORTING PROBABLE CAUSE

6. On April 8, 2025, a Customs and Border Protection Officer ("CBPO") was assigned to primary inspection vehicle lane #5 of the Calexico, California West Port of Entry. At approximately 8:30 p.m., Emanuel Mitchel GUTIERREZ arrived at primary inspection. GUTIERREZ was the driver of a Chevrolet Tahoe bearing California license plates. GUTIERREZ was accompanied by his minor daughter and GUTIERREZ and his daughter both claimed to be United States citizens. The CBPO obtained a negative customs declaration from GUTIERREZ and conducted computer database queries. The CBPO

received a computer-generated alert and referred GUTIERREZ to the secondary inspection area.

7. In secondary inspection, GUTIERREZ was instructed to drive his vehicle through the Z-Portal X-ray machine and anomalies were detected in the roof area. A CBPO, who is a certified canine handler, used his canine to search the vehicle and noticed his canine alerted to the interior of the vehicle. During a search of the vehicle, CBPOs discovered 50 packages concealed in the roof area of the vehicle. CBPOs noticed the packages contained a white powdery substance that field tested positive for cocaine. The total weight was determined to be approximately 57.94 kilograms (127.46 pounds) of cocaine.

8. GUTIERREZ was notified of his rights as per Miranda. GUTIERREZ stated he understood his rights and agreed to make a statement without an attorney present. GUTIERREZ stated another individual purchased the vehicle for him to conduct illicit activity. GUTIERREZ admitted he has made one successful trip transporting bulk cash and was paid $2,000.

9. GUTIERREZ was placed under arrest and charged with a violation of Title 21, United States Code sections 952 and 960, for Importation of a Controlled Substance.

10. CBPOs seized a Black Samsung Galaxy cell phone that was in a purple case. During the post-arrest interview, Defendant gave consent for the cell phone to be searched, and provided the passcode to the cell phone. According to the Cellebrite download of the phone, the phone number was (760) 907-8392 (the number of the **Subject Account**).

*Overview of Relevant Technology*

11. Based on my training and experience, and my consultation with other law enforcement officers, I am aware that T-Mobile routinely collects and stores data for the electronic communication accounts to which it and other providers issue telephone numbers. The data includes: (i) subscribers' contact and billing information; (ii) detailed information concerning subscribers' incoming and outgoing telephone calls; (iii) detailed information concerning subscribers' outgoing direct calls, text message, and SMS messages; and (iv) detailed information concerning cell-site geo-location data.

12. In particular, I know that cell phones connect to a provider's network through cell towers or cell sites. The particular tower or site may change as a phone moves from one location to another. Providers automatically record and retain this connection data as part of the subject account. Records and data identifying the towers or sites to which a phone connected therefore tend to identify the phone's and phone user's location at particular times.

13. I also know that different providers use the speed with which signals travel between cell phones and cell towers ("per call measurement data," or "PCMD"), as well as other data, to better calculate and record the location of phones accessing their networks. Different providers may use different terminology to describe PCMD. For example, AT&T has referred to the resulting location information as "NELOS" data; Verizon, as "Real Time Tool" or "RTT" data; Sprint, as PCMD; and T-Mobile, as "timing advance" data.

***Request for "Timing Advance" Data***

14. This application requests such per call measurement data (by whatever name the provider uses) for the **Subject Account** for the following date and time range: March 8, 2025 at 12:00 a.m. through April 8, 2025 12:00 a.m. (all EST), which covers approximately one month leading up to Defendant's arrest for importation of controlled substances on April 8, 2025.

15. Given these facts, I seek a warrant to search the **Subject Account** for the records and information in Attachment B.

## PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

16. The United States is unaware at this time of other attempts by the U.S. government to obtain this data by other means.

## CONCLUSION

24. Based on the facts and information set forth above, I submit there is probable cause to believe that a search of T-Mobile's cell-cite geolocation will yield evidence of Defendant's violations of Title 21, United States Code, Sections 952, 960, and 963. Accordingly, I request that the Court issue a warrant authorizing law enforcement to search

5

the item described in Attachment A, and seize the items listed in Attachment B using the above-described methodology.

I swear the foregoing is true and correct to the best of my knowledge and belief.

_____
CYNTHIA S GOMEZ
Digitally signed by CYNTHIA S GOMEZ
Date: 2025.07.07 16:34:46 -07'00'

Cynthia Gomez
Homeland Security Investigations, TFO

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 9th day of July, 2025.

_____
HON. MICHAEL S. BERG
UNITED STATES MAGISTRATE JUDGE

6

# ATTACHMENT A

## Property to be Searched

T-Mobile US, Inc. ("T-Mobile") hosts the electronic communication account associated with the telephone number (760) 907-8392 that is the subject of this search warrant and search warrant application (the "**Subject Account**").

T-Mobile is an electronic communication service provider whose primary computer information systems and other electronic communications and storage systems, records, and data are located at 4 Sylvan Way, Parsippany, NJ 07054.

# ATTACHMENT B

## Items to be Seized

**I.    Service of Warrant**

The officer executing the warrant shall permit the Provider in Attachment A, as custodian of the electronic files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

**II.   Items To Be Seized**

Agents shall seize the following records, data, and information covering **March 8, 2025** up to and including **April 8, 2025** and maintained by the Provider for the **Subject Account** identified in Attachment A:

- **A.** Records and other information about past wire or electronic communications sent or received by the **Subject Account**, including: Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data communications; and

- **B.** All available Per Call Measurement Data ("PCMD") reports to include "timing advance" data for the **Subject Account** between March 8, 2025 at 12:00 a.m. through April 8, 2025 12:00 a.m. (all EST).

which are evidence of violations of 21 U.S.C. § 952, 960, 963, importation of controlled substances and conspiracy.